SUNG CHUL LEE, Plaintiff–Appellant,

v.

Daniel S. CHOI, M & D Medical, LLC, MDM Investments, Inc., OK Choi, Sung SU Choi, Defendants–Appellees.

Docket No. 04–0495.

United States Court of Appeals, Second Circuit.

July 25, 2005.

Michael S. Kimm, Hackensack, NJ, for Appellant.

David Fronefield, Fort Lee, NJ, for Appellees.

Present: POOLER, SACK, Circuit Judges, and GARAUFIS, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Sung Chul Lee appeals from an order of the district court denying Lee's motion for a preliminary injunction for specific performance of a contract to transfer certain real property and to compel execution of a deed for that real property, and granting instead attachment of the real property. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review a denial of a preliminary injunction for abuse of discretion, and may affirm on any ground supported by the record. *Freedom Holdings, Inc. v. Spitzer,* 408 F.3d 112, 114 (2d Cir.2005). A party requesting a preliminary injunction must show "(1) irreparable harm; and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief." *LaForest v. Former Clean Air Holding Co., Inc.,* 376 F.3d 48, 54 (2d Cir.2004). A harm that can be remedied by a money judgment or at the end of trial is not an irreparable harm. *Freedom Holdings,* 408 F.3d at 115.

Here, Lee argues that the present injunction concerns unique real property whose loss would be irreparable. This argument is wholly without merit. It is undisputed that Lee seeks execution of the deed so that he may immediately close on the sales contract with the Ans, as part of the recovery for the money of which he was defrauded. He therefore has no interest unique to the real property, only a monetary interest. Even if he did have some interest unique to the property, it is preserved by the district court's attachment of the property, which would permit the district court to award Lee the property itself should he prove his right to it after full litigation of the issues.

We therefore see no abuse of discretion in the district court's order. We do not reach Lee's arguments concerning his likelihood of success on the merits, as we need not do so in the absence of irreparable harm.

For the above reasons, we affirm the judgment of the district court.

---

* The Honorable Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.